IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTONE L. A. KNOX,                )
                                  )
        Petitioner,                )
                                  )
    v.                            )    Case No. CIV-13-1218-W
                                  )
ANITA TRAMMELL, Warden,            )
                                  )
        Respondent.                )

## REPORT AND RECOMMENDATION

Petitioner, a prolific litigant who has filed 20 previous actions in this Court, is a state prisoner appearing *pro se* and *in forma pauperis.* He has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Grounds One and Three of the Petition be **DENIED**, and that the claims raised in Ground Two be **DISMISSED** without prejudice.

## BACKGROUND

By this action, Petitioner purports to challenge his convictions[1] for attempted robbery with a firearm after former conviction of a felony, pointing a firearm at another after former conviction of a felony, and possession of a firearm after former conviction

---

[1] For the reasons explained below, Petitioner is not challenging his convictions, but the execution of his sentence—in particular the denial of parole. Thus, his claims must be brought under 28 U.S.C. § 2241. Had Petitioner challenged his convictions under 28 U.S.C. § 2254, this action would be second and successive and subject to dismissal for lack of jurisdiction.

of a felony. Case No. CF-1995-1195, District Court of Oklahoma County. Petition, 2-3, ECF No. 1, p. 1-2. Petitioner received three sentences of twenty years imprisonment, two to run concurrently, and the third to run consecutively. *Id.*

In this action, Petitioner raises three grounds for relief. In Grounds One and Three, he challenges the denial of parole and/or other forms of early release on various constitutional grounds. In Ground Two, he alleges violation of the Rehabilitation Act of 1973, and the Americans with Disabilities Act.

## SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. The undersigned's initial review of the Petition shows that Petitioner's claims in Grounds One and Three fail to state a claim for habeas relief, and that Ground Two contains claims that implicate the conditions of Petitioner's confinement and therefore must be brought under 42 U.S.C. § 1983.

## GROUNDS ONE AND THREE

Although Plaintiff brings this action under 28 U.S.C. § 2254, his first and third grounds for relief concern the denial of parole and are thus properly brought under 28 U.S.C. § 2241. *Beylik v. Estep*, 377 F. App'x 808, 812 (10th Cir. 2010) (petitioner's action concerning the denial of parole was properly characterized as being brought pursuant to 28 U.S.C. § 2241) (citing *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000)).

2

Because the allegations in Grounds One and Three are nearly identical, they will be considered together.

In Ground One, Petitioner alleges that he was denied parole, "early special commutation to time served," and executive clemency in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Petition, 6. Memorandum of Law in Support of Petition (ECF No. 4), 1. He claims that this has resulted in an excessive sentence; violation of his liberty interest and right to equal protection; double jeopardy; and multiple punishments. He also states that these denials are violations of the Oklahoma Constitution and Oklahoma's Administrative Procedures Act. *Id.* In Ground Three, Petitioner alleges that his right to due process and to petition the government for redress of grievances was violated during his parole proceedings. Petition, 9.

To say that the underpinnings of Petitioner's first and third grounds for relief are difficult to discern is an understatement. For example, in his legal memorandum in support of Ground One, he alleges a conspiracy involving no less than 62 separate individuals, including prison personnel, pardon and parole board members, judges, and the Governor of Oklahoma, Mary Fallin. Memorandum of Law in Support of Petition, 2. He appears to allege that this conspiracy, his confinement in the "mental" unit at the Oklahoma State Penitentiary, and his race resulted in the denial of his parole or other form of early release. In Ground Three, he alleges that the State of Oklahoma failed to follow its own laws and regulations regarding parole hearings.

Petitioner's allegations in both the Petition and his memorandum brief in support of it are for the most part unintelligible, and the undersigned finds them to be fanciful and/or frivolous. In any event, Petitioner has failed to state any claim for habeas relief under § 2241 related to the denial of his parole.

The United States Supreme Court has declared that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may affirmatively create a liberty interest by enacting mandatory statutes that limit the parole board's discretion, both the Tenth Circuit and the Oklahoma Supreme Court have made clear that Oklahoma has not done so. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma statutory scheme ... does no more than create a parole system, which in the Supreme Court's view as expressed in *Greenholtz* does not establish a liberty interest."); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectable liberty interest in an Oklahoma parole.... No due process strictures can be applied to test the permissible parameters of the parole process.").

Without a liberty interest in parole, there is no entitlement to due process protection. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). Therefore, to the extent Petitioner alleges his constitutional rights were violated during the parole consideration process, he fails to present a cognizable habeas claim.

The undersigned also finds that Petitioner has failed to make a substantial showing of a violation of his substantive due process rights. His parole violation claim, liberally construed, is also based on considerations related to the validity and length of his sentence. The majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim-whether substantive or procedural. *See, e.g.*, *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *Jones v. Georgia State Bd. of Pardons & Paroles*, 59 F.3d 1145, 1150 (11th Cir. 1995) (rejecting a substantive due process claim because the inmate had no due process protected liberty interest in parole); *Bailey v. Gardebring*, 940 F.2d 1150, 1157 (8th Cir. 1991) (affirming the denial of a substantive due process claim because the inmate had no liberty interest in parole and no fundamental right to parole). Additionally, the Oklahoma Supreme Court has confirmed that Oklahoma has not created a liberty interest in parole for purposes of substantive due process. *Shabazz*, 977 P.2d at 1093 (rejecting Oklahoma prisoner's substantive due process claim based on parole board's consideration of an improper letter from prosecuting attorney because "[t]he parole function neither leads to nor may ripen into a liberty interest").

Finally, Petitioner's reference to a denial of equal protection in connection with the denial of his parole is not supported by any comprehensible factual allegation that

implicates the Equal Protection Clause. Accordingly, it is recommended that habeas relief be denied on Grounds One and Three.

## GROUND TWO-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT OF 1973

In Ground Two, Petitioner alleges that the denial of parole and/or other forms of early release violated his rights under the Rehabilitation Act of 1973 and the Americans with Disabilities Act. Petition, 9. He claims that he was denied parole "like all prisoners/patients" housed in the mental health unit in 2009, 2010, 2011, 2012, 2013. Petition, 6. The undersigned finds that even if Petitioner's allegations stated a claim under either Act, he cannot bring those claims in this habeas action. This is not the first time Petitioner has made the allegations contained in Ground Two; in 2012, United States Magistrate Judge Gary Purcell also found that the claim was not cognizable in a habeas action and should be dismissed without prejudice:

> The Petition should have been filed as a 42 U.S.C. § 1983 action because it does not challenge the fact or duration of his confinement. Although Petitioner alleges in ground three that he has been denied "earned credits" and "parole, commutation, pardon, etc.," he is actually asserting that his confinement in OSP's mental health unit "under false pretense" violates his constitutional rights. Petitioner is probably attempting to assert his claims in a habeas action because he is subject to the filing restrictions set out in 28 U.S.C. § 1915(g) due to his history of filing frivolous civil actions. Because the instant action seeks relief under 28 U.S.C. § 2241 instead of under 42 U.S.C. § 1983, the Petition should be dismissed without prejudice pursuant to refiling under 42 U.S.C. § 1983.

6

*Knox v. Trammell*, CIV-12-1257-W, 2012 WL 6114950 (W.D. Okla. Nov. 19, 2012) (Purcell, M.J.), *report and recommendation adopted,* CIV-12-1257-W, 2012 WL 6114950 (W.D. Okla. Dec. 10, 2012) (West, D.J.). For the same reasons as those relied upon by Magistrate Judge Purcell, the undersigned recommends that the claims contained in Ground Two be dismissed without prejudice.

## RECOMMENDATION

For the reasons discussed above, the undersigned Magistrate Judge recommends that Grounds One and Three of the Petition be **DENIED**, and that the claims raised in Ground Two be **DISMISSED** without prejudice.

After thorough review of the motions pending in this action, and in light of the foregoing, it is further recommended that the following motions be **DENIED**: Motion for Hearing, **ECF No. 5**; Motion to Appoint Counsel, **ECF No. 6**; Ex parte Motion to Chief Judge Miles-LaGrange, **ECF No. 11**; Ex Parte Motion/Notice Requirement for Three Judge Court Pursuant to LCvR9.1, **ECF No. 12**; Ex Parte Motion for Order to Compel the Defendant and Attorney of Record to Produce Okla. Pardon and Parole Board Entire Records and Motion to Stay Pending Martinez Report, **ECF No. 14**; and Motion for Default Judgment as to Motion for Sanctions, **ECF No. 16**.

Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 24, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to

appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

The Clerk of Court is hereby directed to send a copy of this Report and Recommendation to the Oklahoma Attorney General via the electronic mail address on file with the Court.

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge.

**ENTERED** on March 6, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE