IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA
FILED
MAR 1 9 2014
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

ANTONE L. A. KNOX,  )
    Petitioner,  )
    )
vs.  )  No. CIV-13-1218-W
    )
ANITA TRAMMELL, Warden,  )
    Respondent.  )

## ORDER

On March 6, 2014, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Court deny Grounds One and Three and dismiss without prejudice Ground Two of the Ex Parte Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Antone L. Knox. Knox was advised of his right to object, see Doc. 17 at 7, and the matter now comes before the Court on Knox's Ex Parte Objection to U.S. Magistrate Judge Report and Recommendation [Doc. 18].

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of this action. Knox's first and third grounds for relief in his Petition concern the denial of parole. Title 28, section 2241 of the United States Code is therefore the appropriate avenue for relief, as opposed to title 28, section 2254 of the United States Code, which Knox has cited in his submissions. E.g., Beylik v. Estep, 377 Fed. Appx. 808, 812 (10th Cir. 2010)(citing Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000))(cited pursuant to Tenth Cir. R. 32.1). The allegations advanced in support of these two claims, however, do not entitle Knox to habeas relief under section 2241.

In Ground Two of his Petition, Knox has contended that he was denied the right to participate in the parole program and receive "early special commutation of time service," Doc. 1 at 6, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. Even if the allegations in the Petition are sufficient to state plausible claims for relief under these statutes, Knox may not bring these claims in a habeas action.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 17] issued on March 6, 2014;

(2) DENIES Grounds One and Three of Knox's Petition;

(3) DISMISSES without prejudice Ground Two of the Petition;

(4) further DENIES Knox's

    (a) Ex Parte Motion Request for a Rule 8 Habeas Corpus Evidentiary Hearing [Doc. 5] file-stamped November 14, 2013;

    (b) Ex Parte Motion for Appointment of Counsel [Doc. 6] file-stamped November 14, 2013;

    (c) Ex Parte Motion to Chief Judge V. Miles-LaGrange and Ex Parte Motion to Court Judges and Clerk [Doc. 11] file-stamped December 12, 2013;

    (d) Ex Parte Motion/Notice Requirement for Three-Judge Court [Doc. 12] file-stamped December 12, 2013;

    (e) Ex Parte Motion for Order to Compel Defendant and Attorney of Record to Produce Oklahoma Pardon and Parole Board Records and to Stay Proceedings Pending Special Martinez Report [Doc. 14] file-stamped December 12, 2013; and

    (f) Ex Parte Motion for Extreme Sanctions and Ex Parte Motion for Summary

and Default Judgments [Doc. 16] filed on February 11, 2014; and

(5) ORDERS that judgment in favor of respondent Anita Trammell, Warden, issue forthwith.

ENTERED this 19th day of March, 2014.

                                                  LEE R. WEST
                                                  UNITED STATES DISTRICT JUDGE